UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEANDRE LANEY RODGERS,

                Petitioner,

v.                                                                           Case No. 24-cv-0753-bhl
                                                                               (Criminal Case No. 22-cr-0085-bhl)

UNITED STATES OF AMERICA,

                Respondent.

## SCREENING ORDER

On June 23, 2023, this Court sentenced Deandre Laney Rodgers to a term of 180 months' imprisonment following his entry of guilty pleas on drug and firearms offenses in Case No. 22-cr-0085-bhl. One year later, on June 17, 2024, Rodgers filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Case No. 24-cv-0753-bhl, ECF No. 1.)[1] This order screens the motion under Rule 4 of the Rules Governing Section 2255 Cases. Because the petitioner does not present any grounds that entitle him to relief, the Court will dismiss his petition.

## BACKGROUND

On April 19, 2022, the government filed an eleven-count Indictment charging Rodgers with Conspiracy to Make False Statements in Acquisition of Firearms and Willfully Engage in the Business of Dealing in Firearms Without a License (Count One); Engaging in the Business of Dealing in Firearms Without a License (Count Two); Making False Statements in Connection with the Acquisition of a Firearm (Counts Three, Five, and Six); Possession of a Firearm by a Felon (Count Four); Distribution of 50 Grams or More of Methamphetamine (Counts Seven and Nine); Carry and Brandish a Firearm During and in Relation to a Drug Trafficking Crime (Counts Eight and Ten); and Possession with Intent to Distribute 28 Grams or More of Cocaine Base (Count

---

[1] Rodgers also filed a motion to proceed without prepaying the filing fee. (ECF No. 2.) A filing fee is not required of a movant in a Section 2255 proceeding because a Section 2255 proceeding is not viewed as an independent action but rather as a "continuation of the criminal case whose judgment is under attack." *See* Advisory Committee's Notes to Rule 3, Rules Governing § 2255 Proceedings. Because no filing fee is required, the Court will deny Rodgers's filing fee motion as moot.

Eleven). (Case No. 22-cr-0085, ECF No. 15.) On March 16, 2023, Rodgers pleaded guilty to Counts Nine and Ten of the Indictment. (*Id.*; Case No. 22-cr-0085, ECF No. 76.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Rodgers and the government agreed to a binding recommendation that a sentence of 15 years' (180 months) imprisonment and no fine, to be followed by ten years of supervised release, was "the appropriate sentence in this case." (Case No. 22-cr-0085, ECF No. 76 ¶25.) The parties agreed that if the Court rejected the Rule 11(c)(1)(C) agreement, Rodgers would be allowed to withdraw his guilty plea. (*Id.* ¶26.)

In the plea agreement, Rodgers specifically acknowledged that:

- He had read and fully understood "the nature and elements of the crimes with which he ha[d] been charged." (*Id.* ¶3.)
- His attorney had fully explained to him "the charges and the terms and conditions of the plea agreement." (*Id.*)
- He was guilty of the offenses in counts nine and ten of the indictment. (*Id.* ¶5.)
- The facts set forth in the plea agreement established his guilt beyond a reasonable doubt and were true and correct. (*Id.*)
- The maximum term of imprisonment on both counts was life imprisonment, a $10,000,000 fine on count 9, and a maximum of life of supervised release. (*Id.* ¶6.)
- He had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a Career Offender under the sentencing guidelines." (*Id.* ¶7.)
- He understood that the United States Probation Office had prepared a pre-plea criminal investigation and determined that the defendant qualified as a Career Offender under the sentencing guidelines. (*Id.* ¶22.)

Rodgers also waived both his right to appeal and his right to challenge his conviction and sentence in any post-conviction proceedings, "including but not limited to a motion pursuant to 28 U.S.C. § 2255." (*Id.* ¶38.)

The Court considered the plea agreement at a March 16, 2023 change-of-plea hearing. (Case No. 22-cr-0085, ECF No. 79.) Rodgers appeared in person at the hearing and was represented by one of the best defense counsel appearing in this district, Attorney Michelle Jacobs. (*Id.*) As required by Federal Rule of Criminal Procedure 11, the Court conducted a plea colloquy to confirm that Rodgers understood the terms of his plea agreement and was entering guilty pleas to both counts knowingly and voluntarily. Based on Rodgers's responses to the Court's questions, the Court found: (1) Rodgers was competent to offer a plea; (2) there was a factual basis for the plea; (3) Rodgers offered the plea knowingly and voluntarily; and (4) Rodgers had reviewed the plea agreement with his counsel and was satisfied with the representation he received. (*See id.*) The Court also advised Rodgers of his rights, the nature of the charges against him, and the

maximum possible penalty.  (*Id.*)  After confirming that Rodgers understood the deal he had cut, the Court deferred approval of the plea agreement until the presentence report was filed with the Court.  (*Id.*)  The Court then scheduled Rodgers's sentencing hearing for June 22, 2023.  (*Id.*)

On the day of his sentencing, Rodgers refused to leave his cell at the Kenosha County Detention Facility to attend his sentencing hearing.  (Case No. 22-cr-0085, ECF No. 94.)  Defense counsel asked the Court to adjourn the hearing until the following day to give her time to confer with her client to try to convince him to attend his sentencing.  (*Id.*)  The Court granted the request but directed counsel to alert Rodgers that if he again refused to come to court the following day, the sentencing would likely proceed without him.  (*Id.*; Case No. 22-cr-0085, ECF No. 96.)  The Court explained that if the defendant chose to remain in his cell rather than attend the sentencing, the Court would find that the defendant was voluntarily absent pursuant to Federal Rule of Criminal Procedure 43 and proceed with the sentencing.  *See United States v. Velazquez*, 772 F.3d 788 (7th Cir. 2014) (affirming the district court's finding that a defendant who refused to leave his cell knowingly and voluntarily waived his right to be present during sentencing); *United States v. Howell*, 24 F.4th 1138, 1142 (7th Cir. 2022) (noting a defendant's right to be physically present at sentencing may be waived under Rule 43(c)).  The defendant's sentencing was re-scheduled for June 23, 2023.  (Case No. 22-cr-0085, ECF No. 94.)

On June 23, 2023, the defendant again chose to remain in his cell rather than attend the rescheduled sentencing.  (Case No. 22-cr-0085, ECF No. 96.)  Defense counsel confirmed that she had informed the defendant the day before in person at the Kenosha County Detention Facility that if he declined to come to court, the sentencing would proceed without him.  (*Id.*)  Defense counsel also reported that the defendant consented to the sentencing proceeding if he chose not to attend the sentencing.  (*Id.*)  The Court found that the defendant was voluntarily absent pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), waived the right to be present, and proceeded with the sentencing.  (*Id.*)

After reviewing Rodgers's presentence report and confirming that the parties had no objections, the Court approved the parties' Rule 11(c)(1)(C) plea agreement and sentenced Rodgers to the agreed upon one-hundred and eight (180) months' imprisonment, consisting of 10 years (120 months) on Count 9 and 5 years (60 months) on Count 10 to run consecutively to Count 9.  (*Id.*, Case No. 22-cr-0085, ECF No. 97.)  The guideline calculations for Rodgers resulted in a discretionary guideline range of 262–327 months' imprisonment on Court Nine and 60 months'

consecutive on Count 10.  Rodgers's agreed-upon sentence was thus well below the recommended sentence called for in the guidelines.  The Court also imposed the agreed-upon 10 years of supervised release.  (*Id.*)  On June 28, 2023, the Court amended the judgment at the defendant's request to recommend that the Bureau of Prisons place the defendant at a facility in the southern United States.[2]  (Case No. 22-cr-0085, ECF No. 100.)  Rodgers did not file an appeal.  He was largely barred from doing so pursuant to the waiver in paragraph 38 of the plea agreement.

On January 22, 2024, Rodgers filed a *pro se* letter "requesting information to see if . . . Amendment[s] 821 and 825 [to the U.S. Sentencing Guidelines]" would offer him any relief in his sentence.  (Case No. 22-cr-0085, ECF No. 104.)  The Court construed Rodgers's letter as a motion for a reduced sentence and determined that the amendments he cited would not result in a reduction in his advisory guidelines imprisonment range.  (Case No. 22-cr-0085, *Id.*; ECF No. 105.)  Accordingly, the Court denied Rodgers's motion.  (Case No. 22-cr-0085, ECF No. 105 at 3.)

Despite the fact that the plea agreement contained an express provision wherein Rodgers agreed that he would neither appeal nor launch a collateral attack on his conviction or sentence, on June 17, 2024, Rodgers filed a motion under 28 U.S.C. § 2255 primarily claiming that his counsel was ineffective. (ECF No. 1.)  Among other things, he accuses counsel of having a conflict of interest and conspiring with the government to persuade him to plead guilty.  (*Id*. at 6-7.)  Rodgers's petition asks that his sentence of 5 years' supervised release for violating Section 924(c) be "reversed" because counsel did not explain to him that the imposition of 10-years' supervised release was an "excessive sentence."  (*Id*. at 10.)

## LEGAL STANDARD

The Court's first order of business in a Section 2255 proceeding is to review or screen the petition.  Under Rule 4 of the Rules Governing Section 2255 Proceedings:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or

---

[2] In reviewing the Judgment, the Court found a clerical error in the Amended Judgment, Case No. 22-cr-0085, ECF No. 100.  The Judgment states that upon release from imprisonment, the defendant shall be on supervised release for a term of Count 9 – Five (5) Years; Count 10 – Five (5) Years to run consecutively to Count 9 for a total sentence of Ten (10) Years. (*Id.* at 3.)  This is incorrect.  At the sentencing hearing, the Court imposed a sentence of Ten (10) Years supervised release consistent with the parties' plea agreement.  The Court has issued an amended judgment correcting this mistake pursuant to Federal Rule of Criminal Procedure 36.  (Case No. 22-cr-0085, ECF No. 111.)

> other response within a fixed time, or to take other action the judge
> may order.

Rule 4(b), Rules Governing § 2255 Proceedings. "Habeas corpus relief under 28 U.S.C. Section 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993)). A petitioner seeking relief under § 2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). At the screening stage, the Court considers whether the petitioner has raised claims that can be adjudicated in a Section 2255 proceeding, whether the petitioner has exhausted his claims, and whether he filed the motion within the limitations period.

A section 2255 petition is not, however, a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted and cannot be raised through a Section 2255 petition. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). There are several exceptions to this rule. Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). This is because a Section 2255 motion is a more appropriate venue than direct appeal for raising ineffective assistance of counsel claims, as the "opportunity fully to develop the factual predicate for the claim" arises independent of the trial record. *Id.*

A person seeking relief under Section 2255 must file his petition within one year of the date on which the judgment of conviction became final, the date on which any impediment to making a motion was removed (if the movant was prevented from filing his motion by government action), the date on which the right the petitioner asserts was recognized by the Supreme Court (if it is a newly recognized right made retroactively applicable to cases on collateral review) or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); *see also Clarke v. United States,* 703 F.3d 1098, 1099–1100 (7th Cir. 2013). The period generally begins to run on the date on which the judgment of conviction becomes final. § 2255(f)(1).

## ANALYSIS

As an initial matter, Rodgers's petition appears timely. The Court entered judgment on June 23, 2023. (Case No. 22-cr-0085, ECF No. 97.) The judgement was amended five days later, on June 28, 2023, at the defense counsel's request. (*Id.*; Case No. 22-cr-0085 ECF No. 100.) Rodgers did not appeal his conviction to the Court of Appeals for the Seventh Circuit, making his conviction final on July 12, 2023, fourteen days after the amended judgment was entered. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A). The petitioner filed his Section 2255 motion on June 17, 2024, within one year after his judgment of conviction became final under Section 2255(f)(1).

Rodgers's petition fails, however, because he has not identified potentially meritorious claims that can be presented through Section 2255. Rodgers frames his claim as one based on ineffective assistance of counsel. (ECF No. 1 at 6.) As previously noted, ineffective assistance claims can be brought for the first time in a Section 2255 motion so his failure to file a direct appeal is not dispositive. *See Massaro* 538 U.S. at 504; *see also United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011). But Rodgers waived his right to seek collateral review, including but not limited to a motion pursuant to 28 U.S.C. § 2255, in the plea agreement. (Case No. 22-cr-0085, ECF No. 76 ¶38.) The Seventh Circuit has held that a waiver of Section 2255 relief in a plea agreement is enforceable, and that a trial court should treat it no differently than the waiver of a direct appeal. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); *see also United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'") (quoting *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)).

Accordingly, Rodgers's waiver is enforceable if the terms are "clear and unambiguous" and the defendant "knowingly and voluntarily" entered into the agreement." *See United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011) (citing *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007)). In this case, Rodgers's waiver is enforceable. The waiver clearly provides that he is giving up his right to seek Section 2555 post-conviction relief subject to four limited exceptions. By its terms, Rodgers's waiver does not prevent him from bringing a claim based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on a constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that

the plea agreement was entered involuntarily. (Case No. 22-cr-0085, ECF No. 76 ¶38); *see also United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014) ("The sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation."); *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013).

At first blush, Rodgers appears to be able to sidestep his waiver by asserting ineffective assistance. But the exception for ineffective assistance claims is limited; it applies only to claims that counsel failed to provide appropriate representation in connection with the negotiation of the plea agreement or at sentencing. The Seventh Circuit has confirmed that to avoid waiver on ineffective assistance grounds, a petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow*, 726 F.3d at 966–67. "In other words, he must allege that the plea agreement was 'the product of ineffective assistance of counsel,' . . . or 'tainted by ineffective assistance of counsel[.]'" *Id.* at 967 (quoting *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Rodgers's motion does not assert adequate grounds to circumvent his Section 2255 waiver and, even to the extent he did, his petition does not assert claims that have even arguable merit.

Ground One alleges that Rodgers's counsel was ineffective due to a "conflict of interest" because she "was a district attorney" prior to defending Rodgers. (ECF No. 1 at 6.) Rodgers is confused; his counsel was previously an Assistant United States Attorney, not a district attorney. Confusion aside, Rodgers does not identify any actual conflict of interest other than his statement that defense counsel "conspired with the district attorney to persuade [him] to plea[d] to the charge of the career offender enhancement, lied an[d] sa[id] it was mandatory for [him] to receive a harsh sentence." (*Id.* at 6–7.) A conflict of interest is not present just because defense counsel previously worked as a prosecutor. "An actual conflict of interest exists when 'the defense attorney [is] required to make a choice advancing [her] own interests to the detriment of [her] client's interests.'" *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000) (quoting *United States v. Horton*, 845 F.2d 1414, 1419 (7th Cir. 1988)). Rodgers makes no such allegation or, indeed, *any* allegation that his attorney's prior employment precluded her from mounting a competent defense on his behalf. The record confirms that counsel provided Rodgers with exceptional representation. He was looking at a potential sentence of life imprisonment and the guidelines

recommended that he be sentenced to a term of 262 to 327 months imprisonment on Count Nine, plus a mandatory minimum of 60 months imprisonment on Count 10, which was statutorily required to run consecutively to the sentence on Count Nine under 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii). (Case No. 22-cr-0085, ECF No. 92 at 30.) Against this backdrop, Rodgers's counsel negotiated a Rule 11(c)(1)(C) plea agreement in which the government agreed to a binding recommendation of only 15 years' incarceration. Rodgers's sentence of 15 years' incarceration was well below both his statutory exposure and the guidelines recommendation. His first ground for relief therefore fails.

Ground Two of Rodgers's petition alleges that Attorney Jacobs did not "help [Rodgers] understand the sentencing guidelines properly before entering [into the] plea offer." (ECF No. 1 at 7.) He alleges that defense counsel "lied" to him and told him that the career offender enhancement was mandatory and "manipulated [him] into believing there was no hope for [him]" because of [his] pending state charges. (*Id.* at 7.) Rodgers further claims that his attorney "took advantage of [him] having lack of knowledge about the law." (*Id.*) This ground is defeated by the Court's finding at Rodgers's change of plea hearing. At that hearing, the Court questioned Rodgers under oath and reviewed with him the relevant portions of the plea agreement, including its discussion of the mandatory minimum sentences he faced on the offenses of conviction, the maximum penalty he could face if the Court did not accept the parties' binding recommendation, the sentencing process, the parties' agreements concerning sentencing, and Rodgers's waivers of both his right to appeal and his right to challenge his conviction and sentence under Section 2255. (ECF No. 79.) After a detailed colloquy, the Court concluded that Rodgers knowingly and voluntarily entered into the plea agreement. The Court also confirmed with him that he was satisfied with the performance of his counsel. The Court specifically found that Rodgers fully understood the rights that he was waiving and the terms of the plea agreement. His after-the-fact and conclusory assertions to the contrary now are not a basis for him to sidestep his express waiver of his right to file a Section 2255 petition or to make the conclusory criticisms of his counsel's performance. Therefore, the Court will also dismiss Ground Two.

Ground Three alleges that Rodgers's attorney was ineffective because Rodgers received an "excessive" 10-year sentence for violating 18 U.S.C. §924(c), a term that Rodger now contends is excessive because the mandatory minimum is five years. (ECF No. 1 at 8.) Rodgers is factually mistaken about his sentence. The Court sentenced Rodgers to a total of 15 years (180 months)

imprisonment, consisting of 10 years (120 months) of imprisonment on Count Nine and 5 years (60 months) of imprisonment on Count Ten. *See* 18 U.S.C. § 924(c)); (ECF No. 97.) Thus, Rodgers actually received the mandatory minimum five-year sentence on Count Ten. His allegation in Ground Three is without merit and will be dismissed.

In Rodgers's final ground for relief (Ground Four), he alleges that this Court denied him the right to have new counsel appointed. (ECF No. 1 at 8.) This ground also lacks merit. Attorney Jacobs was the third counsel appointed to represent Rodgers. While the Court would not have been inclined to grant Rodgers a further change of counsel, absent extraordinary circumstances, the issue never came up. After Attorney Jacobs was appointed to represent him, Rodgers never raised any issue with her representation, never asked that she withdraw or that he receive new counsel. Indeed, he testified under oath that he was satisfied with her representation at his change of plea hearing. The Court will therefore dismiss Ground Four too.

Finally, the Court notes that Rodgers's sole request for relief is also unrelated to the claims he raises and would not, in any event, warrant relief under Section 2255. He asks the Court simply to adjust his term of supervised release because it is "excessive." It is not. Rodgers's sentence of 10 years' supervised release is what he agreed to in the plea agreement. The record confirms it is also appropriate given the offenses of conviction. And, again, the Court's imposed term of supervised release would not be impacted by any of his alleged grounds for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Rodgers's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Rodgers's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 12, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge